**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JEFFREY GARDNER, et al.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 06-0694-WS-M** |
| | ) |
| **FIRST PREMIUM INSURANCE GROUP,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the motion for summary judgment filed by defendant Insurance Claims Specialists, Inc. ("ICS"). (Doc. 13). The motion is supported by a brief and evidentiary materials, (Docs. 14-16), the plaintiffs declined the opportunity to respond, (Doc. 18), and the motion is ripe for resolution. After carefully considering the foregoing, as well as other relevant material in the file, the Court concludes that the motion for summary judgment is due to be granted.

## BACKGROUND

The complaint alleges that the plaintiffs were insured under a homeowner's policy issued by defendant First Premium Insurance Group ("First Premium"). After Hurricane Ivan struck, the plaintiffs sought benefits under the policy, which First Premium refused to pay. In addition to claims against First Premium for breach of contract and bad faith, the complaint contains claims of negligence and wantonness against both defendants. These counts allege that First Premium had a duty in tort to investigate and adjust the plaintiffs' loss, that First Premium delegated its duty to ICS, and that ICS adjusted the loss negligently or wantonly.

**DISCUSSION**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  *Id.*  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted).

As noted, the plaintiffs have filed nothing in opposition to summary judgment.  However, because Federal Rule of Civil Procedure 56(c) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion."  *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004).  The quoted statement constitutes a holding.  *Trustees of Central Pension Fund v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004).  This rule does not allow a district court to enter summary judgment in favor of the defendant as to any claim presented in the complaint merely because the plaintiff has not opposed the defendant's motion for summary judgment as to that claim.

However, the Court's review of an unopposed motion for summary judgment is

-2-

less searching than it might be were the plaintiff to contest it.  "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment."  *One Piece of Real Property*, 363 F.3d at 1101.  Should this review reveal the defendant's entitlement to summary judgment, the Court will not consider any legal or factual arguments the plaintiffs could have, but have not, asserted in opposition.

ICS's motion raises a single, dispositive issue: whether an independent adjuster under contract to an insurer owes any duty in tort to the insured with respect to its adjustment.  The Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims."  *Kervin v. Southern Guaranty Insurance Co.*, 667 So. 2d 704, 706 (Ala. 1995).  *Kervin* and its predecessors involved claims against insurers, but ICS  offers two reasons for applying the same rule in this case.

First, the Alabama Supreme Court has held that a beneficiary of a life insurance policy has no claim against the insurer for negligently processing an application and that, therefore, he can have no such claim against a third party that the insurer hires to assist in that process. *Smith v. Equifax Services, Inc.*, 537 So. 2d 463, 464 (Ala. 1988).  Thus, reasons ICS, whenever a tort claim is unavailable against an insurer, a tort claim is likewise unavailable against the insurer's contractor for the same conduct.

Second, ICS cites cases from other jurisdictions that have reached the issue presented here and concluded that the adjuster has no tort duty to the insured.  *See Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Insurance Co.*, 586 S.E.2d 586, 589 (S.C. 2003) (after identifying seven states rejecting such a duty and three recognizing it, "aligning South Carolina with the majority rule on this issue").  In the four

years since *Charleston Dry Cleaners* was decided, the ranks of jurisdictions adopting this view have only increased.  *See, e.g., Koch v. Bell, Lewis & Associates, Inc*., 627 S.E.2d 636, 638-39 (N.C. App. 2006); *Hamill v. Pawtucket Mutual Insurance Co.*, 892 A.2d 226, 232 (Vt. 2005).

Given the plaintiffs' failure to challenge ICS's motion for summary judgment, these arguments likely would have proved sufficient.  However, just two days after ICS filed its motion, the Alabama Court of Civil Appeals explicitly "agree[d] with those courts that have refused to find that an independent adjustor or investigator that was hired by an insurance company to investigate or adjust the claim of one of its insureds owes a duty to the insured."  *Akpan v. Farmers Insurance Exchange, Inc*., 2007 WL 80497 at *8 (Ala. Civ. App. 2007).  That ruling controls this diversity case and compels the success of ICS's motion.

## CONCLUSION

For the reasons set forth above, ICS's motion for summary judgment is **granted**. The plaintiff's claims against ICS are **dismissed with prejudice**.

DONE and ORDERED this 30th day of April, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

-4-