## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JEFFREY GARDNER, et al.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 06-0694-WS-M** |
| | ) |
| **FIRST PREMIUM INSURANCE GROUP,** ) | |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

This matter is before the Court on the motion of defendant First Premium Insurance Group ("First Premium") to dismiss for failure to prosecute, filed pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 22). The motion is based on the following circumstances, assumed for present purposes to be true:

- the plaintiffs have not made the initial disclosures required by the Rule 16(b) scheduling order to be made by December 22, 2006;

- the plaintiffs have not responded to interrogatories and requests for production served by First Premium on January 10, 2007;

- the plaintiffs have not responded to the motion for summary judgment filed by co-defendant Insurance Claims Specialists, Inc. ("ICS");

- the plaintiffs' deposition, scheduled for March 15, 2007, was cancelled one hour before its scheduled start time, when plaintiffs' counsel notified defense counsel that he could not locate his clients;

- plaintiffs' counsel has not returned a telephone call from First Premium's counsel placed three days before this motion was filed.

"Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not

suffice." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The severe sanction of dismissal with prejudice ... can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association*, 62 F.3d 1356, 1366 (11th Cir. 1995) (internal quotes omitted). "Dismissal with prejudice is a sanction of last resort that is to be utilized only in extreme situations." *Id*.

The circumstances related by First Premium, if correct, reflect a disconcerting nonchalance about this lawsuit, but they do not meet the exacting standard for dismissal for failure to prosecute. Two of the circumstances may be easily minimized. The plaintiffs' failure to respond to ICS's motion for summary judgment does not concern First Premium and, in any event, is consistent with the Alabama Court of Civil Appeals' ruling, shortly after the motion was filed, that ICS's position is the law of the state. The failure to return a telephone call is bad form, but it hardly distinguishes this case from hundreds if not thousands of others.

The other three circumstances are more serious, but they cannot — at this juncture — support First Premium's motion. First Premium has known for four months that it has not received initial disclosures, yet it has not sought the Court's assistance in obtaining them. Likewise, First Premium has known since approximately February 10, 2007 that the plaintiffs' discovery responses were tardy, but it filed a motion to compel only contemporaneously with its motion to dismiss. (Doc. 21). Finally, First Premium has known for approximately six weeks that the plaintiffs failed to show for deposition, yet it has sought neither sanction for that failure nor judicial assistance in rescheduling the depositions.

First Premium's effort to resolve these issues without involving the Court are commendable, but they have deprived the Court of the ability to test the necessary premise of a Rule 41(b) dismissal that "lesser sanctions would not suffice." For all that appears on this record, the plaintiffs would satisfactorily respond to any one or more of

the lesser sanctions made available by the discovery rules and the inherent powers of the Court.  Authorizing dismissal on this record would only encourage future litigants to ignore the policing mechanisms of Rule 37 in hopes of scoring an automatic win under Rule 41(b), an outcome that would transform dismissal for failure to prosecute from the "sanction of last resort" to the sanction of first (but delayed) resort.  The Court declines to approve such a reworking of Rule 41(b).[1]

For the reasons set forth above, First Premium's motion to dismiss is **denied**.


DONE and ORDERED this 30th day of April, 2007.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1]This is not to say that the plaintiffs' defalcations will be immaterial to any future Rule 41(b) motion brought in the event the plaintiffs fail to comply with Court orders concerning discovery or other matters.  They are, however, insufficient on their own to justify the extreme remedy of dismissal with prejudice.