**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JEFFREY GARDNER, et al.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 06-0694-WS-M** |
| | ) |
| **FIRST PREMIUM INSURANCE GROUP,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motion of defendant First Premium Insurance Group ("First Premium") to dismiss for failure to prosecute, filed pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 39). The text of the motion reveals that it is based as well on failure to comply with Court rules and orders. The plaintiffs declined the opportunity to respond. (Doc. 40).

The record reflects the following relevant circumstances:

- The plaintiffs failed to respond to First Premium's discovery requests served in January 2007;

- The plaintiffs failed to respond to First Premium's resulting motion to compel;

- The plaintiffs failed to comply with the resulting order directing the plaintiffs to provide discovery responses and to show cause for their failure to comply with the Court's order concerning briefing on the motion to compel;

- The plaintiffs failed to appear for their duly noticed depositions in March 2007;

- The plaintiffs have not been in communication with their attorneys since

November 2006, despite impressive efforts on counsel's part to contact;

- All contact numbers provided by the plaintiffs to their attorneys are no longer in service;

- The plaintiffs' last known residence is vacant, and mail sent to it has been returned undelivered;

- The plaintiffs have divorced, and Jeffrey Gardner has advised his former mother-in-law that he has no further interest in this action;

- Shannon Gardner's attorneys have repeatedly contacted her mother, who stated she would have Shannon contact counsel, but this has not occurred;

- The plaintiffs were warned in a Court order that failure to notify the Court by June 28, 2007 as to whether they wish to proceed with this action and as to whether they are proceeding pro se or through new counsel "will result in this action being dismissed, upon motion of Defendant, with prejudice, for their failure to cooperate with their previous attorney in prosecuting this action and to obey the Orders of the Court," yet the plaintiffs have not responded.

(Docs. 21, 32, 36-39).

"Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The severe sanction of dismissal with prejudice ... can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association*, 62 F.3d 1356, 1366 (11th Cir. 1995) (internal quotes omitted). "Dismissal with prejudice is a sanction of last resort that is to be utilized only in extreme situations." *Id*.

The foregoing sorry record provides a textbook example of failure to prosecute, despite heroic efforts by counsel to engage their clients and despite judicial warning that

the case perched on the precipice of dismissal.  Whether or not the plaintiffs have lost interest in their lawsuit (as appears to be the case), they have established a clear record of delay and unwillingness to pursue the litigation.  The protracted history of failure to communicate with counsel satisfies the Court that lesser sanctions than dismissal would not suffice to address and redress the plaintiffs' conduct.

For the reasons set forth above, First Premium's motion to dismiss for failure to prosecute is **granted**.  This action, and the plaintiffs' claims against First Premium, are **dismissed with prejudice**.

DONE and ORDERED this 19th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE